IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE ELIZABETH MASON, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 13-5163 |
| THE CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **JUNE 19, 2014**

Presently before this Court is Plaintiff, Florence Elizabeth Mason's ("Plaintiff"), Motion for the Appointment of Counsel. For the reasons set forth below, this Motion is denied.

**I.     BACKGROUND**

Plaintiff, in her own right and on behalf of son Vincent T. Mason, Jr., and daughter Crystal Mason, filed a Complaint on September 13, 2013, against numerous Defendants, including the City of Philadelphia (the "City"), the Philadelphia Police Department ("PPD"), numerous individual officers, Police Commissioner Charles Ramsey ("Commissioner Ramsey"), the Philadelphia Animal Control Unit and its officers, the Philadelphia Housing Authority ("PHA"), several employees of that office, Plaintiff's former landlord, and several attorneys. Plaintiff alleged that these Defendants violated her and her children's civil rights under the Civil Rights Act, 42 U.S.C. § 1983, by selectively prosecuting them, falsely arresting them, falsely imprisoning them, and using excessive force against them in the course of evicting her and her children from their home. Compl. ¶¶ 51-92. Plaintiff also alleges state law claims against

Defendants for false arrest and imprisonment, malicious prosecution, assault and battery, intentional infliction of emotional distress, and loss of consortium.  Id. ¶¶ 94-103.

On September 13, 2013, we granted Plaintiff leave to proceed in forma pauperis.  (Doc. No. 2.)  We also ordered that because Plaintiff is not an attorney, she cannot represent her minor children in federal court.  (Id.) (citing Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. Of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991)).  Accordingly, we ordered that if co-Plaintiffs, Vincent Mason, Jr. and Crystal Mason, seek to be parties to this action, they must file their own motions to proceed in forma pauperis, and sign the Complaint in accordance with Federal Rule of Civil Procedure 11.  (Id.)  We also dismissed the Philadelphia Municipal Court Landlord Tenant Civil Division as a party to this action.  (Id.)  On October 15, 2013, Plaintiff filed a "demand for reconsideration" of this Order and, in the alternative, moved for appointment of counsel.  (Doc. No. 8.)  On this same date, Plaintiff also filed a "Notice of Interlocutory Appeal."  (Id.)  We denied these requests on October 18, 2013.  (Doc. No. 11.)  On November 12, 2013, we ordered Plaintiff to submit a supplemental affidavit setting forth information necessary for the Court to make a determination regarding her request for appointment of counsel.[1]  (Doc. No. 12.)

---

[1] We ordered Plaintiff to answer the following questions:

1. EDUCATION:

   What is your education level?

   How many years of school have you completed and what is the highest diploma/degree you have attained?

2. EMPLOYMENT HISTORY:

   Please provide the employer, job title, length of employment and a brief list of job responsibilities and necessary skills for each position you have held in the last ten (10) years.

Plaintiff's Notice of Interlocutory Appeal was denied by the United States Court of Appeals for the Third Circuit ("Third Circuit") on February 20, 2014. (Doc. No. 14.) On April 10, 2014, Defendants, the City, Commissioner Ramsey, and Police Officers Fleming, Fredricsdorf, Kopecki, Whaley, Tees, Hummel, Lamdherr, Medycki, Riddick, Long, Kensy, and Lackey filed a Motion to Dismiss. (Doc. No. 17.) Defendants, Kenneth L. Baritz, Esq., and the Law Firm of Kenneth L. Baritz & Associates, filed a Motion to Dismiss on May 7, 2014. (Doc. No. 25.) Defendants, PHA, Kelvin Jeremiah, Patrick Agnew, and Frank McLaughlin, filed a Motion to Dismiss on May 16, 2014. (Doc. No. 26.) Defendants, Robert H. Messerman, Esq., his law firm and its employees, and Earl Smith, filed a Motion to Dismiss on May 23, 2014. (Doc. 32.) On June 4, 2014, Defendants, Bart Levy, Esq., and Levy Law LLC, filed a Motion to Dismiss, or alternatively, a Motion for a More Definite Statement. (Doc. No. 35.)

Plaintiff has yet to respond to any of these Motions. During this period that the Motions to Dismiss were filed, Plaintiff filed a number of documents including demanding sanctions (Doc. No. 27), a "Demand for Leave for Court to Accept Required Court Affidavit Out of Time" (Doc. 28), a "Demand for a Continuance" (Doc. No. 30), and a "Demand for a Jury Trial" (Doc.

---

3. PRIOR LITIGATION EXPERIENCE:

Have you ever represented yourself before a court of law or in legal proceedings? If yes, please describe.

Have you ever performed legal research and drafted written material for a court of law? If yes, please describe.

Have you ever brought civil rights claims before a court of law or administrative proceedings? If yes, please describe.

(Doc. No. 12.)

No. 34). Plaintiff also filed an untimely "Affidavit in Support of Demand for Appointment of Counsel" in accordance with our November 12, 2013 Order.[2] (Doc. Nos. 29, 31.)

In this Affidavit, Plaintiff stated that she has some college education and has fourteen plus years of school. (Doc. No. 31 at 5.) She also stated that she was "proficient in reading, writing and arithmetic." (Id.) In response to the Court's question concerning her employment history, Plaintiff stated that she "pleads the 5th Amendment of the Constitution on the grounds that this Court is asking her to commit self incrimination." (Id.) In response to the question of prior litigation experience, Plaintiff states that she is not an attorney and that the question is "contrary to the Constitution and is unconstitutionally sound." (Id. at 6.) In response to the question has she ever performed legal research and drafted written material for a court of law, Plaintiff states that "No, I have studied law through research and written papers based on lawful research studies." (Id.) She added that "no, I have not submitted any paper work for no court because I am not gainfully employed." (Id.)

## II.   DISCUSSION

It is well settled that "indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel." Gordon v. Gonzalez, 232 F. App'x 153, 156 (3d Cir. 2007) (quoting Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002)). However, a district court is empowered with the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The court's decision whether to appoint counsel is to be given wide latitude and will only be overturned if its ruling is clearly an abuse of discretion. Tabron v.

---

[2] It is noted that this Court ordered Plaintiff to file this Affidavit within thirty days of the date of our November 12, 2013 Order. (See Doc. No. 12.)

Grace, 6 F.3d 147, 155 (3d Cir. 1993).

As a preliminary matter, the district court must first determine if the plaintiff's claim has arguable merit in fact and law.  Upon a favorable finding, the court then proceeds to consider certain additional factors that bear on the necessity for the appointment of counsel.  Id. at 155.  These factors enunciated in Tabron include: (1) the plaintiff's ability to present her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on her own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  Montgomery, 294 F.3d at 499 (quoting Tabron, 6 F.3d at 155).  This list is not exhaustive, nor is any one factor determinative.  Parham v. Johnson, 126 F.3d 454, 458 (3d Cir. 1997).

At the early stage of this litigation, it is difficult to discern whether Plaintiff's claims possess "merit in fact and law."  We will, thus, move directly on to consider the factors set out in Tabron.

### A. The Plaintiff's Ability to Present Her Own Case

The ability of a plaintiff to present her own case is arguably the most significant of the Tabron factors.  Montgomery, 294 F.3d at 501.  This determination is based on several criteria including plaintiff's education, literacy, prior work experience, prior litigation experience, and ability to understand English.  Tabron, 6 F.3d at 156; see also Parham, 126 F.3d at 459.  However, it is not necessary that plaintiffs have the skills and expertise of a trial lawyer; only that they possess the baseline abilities to adequately present their case.  See Gorden v. Gonzalez, 232 F. App'x at 157.

As noted above, in reply to an Order from this Court, Plaintiff filed an Affidavit providing information necessary to our determination of whether to appoint counsel. (Doc. No. 31.) Upon examination of this Affidavit and Plaintiff's court filings, we find that Plaintiff possesses the baseline abilities to adequately present her case. Plaintiff has completed more than fourteen years of school with some college education, and in Plaintiff's own words, she is "proficient in reading, writing and arithmetic." (Id. at 5.) Moreover, Plaintiff's numerous filings evidence her ability to understand legal issues, write coherently, set forth legal arguments in support of her claims and cite relevant judicial precedent and statutory law. In light of these facts, we find that Plaintiff is able to present her own case. See Mastromatteo v. Simock, 849 F. Supp. 25, 27 (E.D. Pa. 1994) (appointment of counsel not warranted where plaintiff was literate, presented clear and coherent motions and pleadings and properly cited case law). Though no one factor is dispositive, this factor weighs heavily against the appointment of counsel.

  **B.** **The Difficulty of the Particular Legal Issues**

In cases involving complicated legal issues, courts should be "more inclined to appoint counsel." Tabron, 6 F.3d at 156. This will benefit all parties involved. Parham, 126 F.3d at 459. At this early stage in the litigation, it appears that the legal issues inherent in Plaintiff's claims are not overly complex. Plaintiff alleges violation of the Civil Rights Act, 42 U.S.C. § 1983, specifically excessive force, false arrest, false imprisonment and malicious prosecution, and state law claims of false arrest and imprisonment, malicious prosecution, assault and battery, and intentional infliction of emotional distress. These appear to be standard claims and do not implicate any complicated or novel issues of law. See Shepherd v. Ambrosino, No. 07-4968, 2009 WL 2488184, at *1 (D.N.J. Aug. 11, 2009) (finding that false arrest and malicious

prosecution claims do not involve complex legal issues); Mastromatteo, 849 F. Supp. at 27 (false imprisonment and malicious prosecution claims are not overly complex issues). In light of Plaintiff's abilities and detailed numerous filings already before this Court, we believe that the instant legal issues are within her range of competence.

### C. The Necessity and Ability of the Plaintiff to Pursue Factual Investigation

Courts must consider the extent of factual investigation necessary to prosecute a claim and the ability of the indigent plaintiff to pursue the investigation. Tabron, 6 F.3d at 156. Situations which are "likely to require extensive discovery and compliance with complex discovery rules" gravitate toward the appointment of counsel. Id.

As stated above, Plaintiff has filed claims against a long list of Defendants. It would appear that because Plaintiff has brought suit against so many Defendants that Plaintiff's investigative needs would be great. On the face of the Complaint, it is apparent that even at this early stage of the litigation that Plaintiff has failed to state cognizable claims against many of these Defendants. Such issues, however, will be discussed in subsequent decisions addressing Defendants' pending Motions to Dismiss. Moreover, we are of the opinion that the simplicity of the claims point to this litigation not requiring extensive discovery or compliance with complex discovery rules. Thus, this factor does not weigh in favor of appointing counsel.

### D. The Plaintiff's Capacity to Retain Counsel on Her Own Behalf

The appointment of counsel is not warranted where the plaintiff can easily afford and attain counsel. Id. at 157. In these cases, the court must recognize and preserve the "precious commodity" of volunteer legal advocates. Parham, 126 F.3d at 458. Here, Plaintiff is apparently unemployed and is proceeding in forma pauperis. While clearly not a situation where Plaintiff

can afford counsel, this does not appear to be the best case to expend the limited volunteer resources.  Overall, much like in <u>Gordon</u> and <u>Asemani</u> we question the "independent weight" of this factor as "indigent litigants by definition will almost always be able to satisfy it." <u>Gordon</u>, 232 F. App'x at 157; <u>Asemani v. Sec. of the Dept. of Homeland Security</u>, No. 11-7448, 2012 WL 569386, at *3 (E.D. Pa. Feb. 22, 2012).  Although Plaintiff cannot afford to retain counsel, we do not find this factor to weigh heavily in her favor.

### E. The Extent to which this Case is Likely to Turn on Credibility Determinations

Cases where adjudication relies solely on credibility determinations favor the appointment of counsel.  <u>Lasko v. Watts</u>, 373 F. App'x 196, 201 (3d Cir. 2010).  Regarding the credibility determination factor, "[w]hile the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not.  Thus, when considering this factor, courts should determine whether the case was solely a swearing contest." <u>Parham</u>, 126 F.3d at 460.  While we do not consider this case to be exclusively a "swearing contest," there is no doubt that a substantial number of Plaintiff's claims, especially against the individual Philadelphia police officers, will likely come down to credibility determinations.  Consequently, we find that this factor weighs slightly in favor of appointing counsel.

### F. Expert Witness Testimony

The necessity of cross-examining expert witnesses may favor the appointment of counsel. <u>Tabron</u>, 6 F.3d at 156.  However, the appointment of counsel is not necessary in every case warranting expert testimony.  <u>Lasko</u>, 373 F. App'x at 202.  At these preliminary stages, the testimony of expert witnesses does not appear to be necessary.  Accordingly, this prong does not favor the appointment of counsel.

### III.     CONCLUSION

Congress has entrusted the district courts with the judicial discretion to determine when to appoint counsel. See 28 U.S.C. § 1915(e)(1). In effectuating this responsibility, the Third Circuit developed an analytical framework to serve as a "guidepost" in these determinations. See Tabron, 6 F.3d at 155. Inherent in their decision, district courts must be mindful of the competing interests between the need to provide legal representation to effectively prosecute meritorious cases and the necessity of protecting the limited and "precious commodity" of volunteer legal advocates. Thus, courts usually reserve the appointment of counsel for situations where there is a showing of special circumstances. See Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984). After careful analysis in light of Tabron and its progeny, we find that more factors weigh against appointing counsel. Consequently, Plaintiff's Motion for the Appointment of Counsel is denied.

An appropriate Order follows.