IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FLORENCE ELIZABETH MASON, et al., | CIVIL ACTION |
| Plaintiffs, | |
| v. | No. 13-5163 |
| THE CITY OF PHILADELPHIA, et al., | |
| Defendants. | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                **SEPTEMBER 4, 2014**

Presently before the Court is Defendants, Philadelphia Housing Authority ("Defendant PHA"), Kelvin Jeremiah, Patrick Agnew and Frank McLaughlin's (collectively, the "Moving Defendants"), Motion to Dismiss the Complaint of Florence Elizabeth Mason ("Plaintiff"), in her own right and on behalf of, Vincent T. Mason, Jr., and Crystal Mason,[1] and Plaintiff's Response. For the reasons set forth below, this Motion will be granted.[2]

**I.    BACKGROUND**

Plaintiff, in her own right and on behalf of, Vincent Jr. and Crystal, initiated this action by filing an application to "Proceed In Forma Pauperis" on September 4, 2013. This Court granted the Motion on September 13, 2013, and on this same day, Plaintiff filed a Complaint

---

[1] Vincent Mason Jr. ("Vincent Jr.") and Crystal Mason ("Crystal") are Florence Mason's children who were apparently minors at the time of the incidents at issue.

[2] In a previous Memorandum Opinion, we dismissed Vincent Jr. and Crystal as Plaintiffs in this action. (See Doc. No. 55.)

naming a long list of Defendants including the following individuals and entities: Defendant PHA's employees, Kelvin A. Jeremiah[3] (President and Chief Operating Officer), Patrick Agnew (Office of PHA Audit and Compliance investigation officer), and Frank McLaughlin (Chief of Investigation of the PHA) ("Defendant PHA Employees"); the City of Philadelphia Police Department ("PPD"); Police Commissioner Charles H. Ramsey; 14th Police District Captain John Fleming; 35th Police District Captain Joseph Fredricsdorf; 14th Police District individual officers Lt. Kopeki, Lt. Whaley, Lt. Tees, Officer Hummel, Officer Lamdherr, Officer Medycki, and "EDT" Miston; 35th Police District individual officers Officer Riddock, Officer Long, Captain Diguisse, Lt. Larks, Sergeant Kensy, Officer Sath, Officer Meril, and Officer Lackey; the Philadelphia Municipal Court Landlord Tenant Civil Division and the Office of the Clerks;[4] John and Jane Does of the Philadelphia Animal Control Unit; "Robert H. Messerman, Esq Law Firm and its employee(s) Earl Smith," Bart E. Levy, Esq., and his law firm, Third Corsa, Inc. (Elaine Luckin and Lenny Luckin); Svetlan Schilomovich; and Kenneth L. Baritz Esq., and the Law Firm of Kenneth L. Baritz & Associates.[5]  See Compl. ¶¶ 8-16.

Plaintiff's pro se Complaint[6] avers that all Defendants violated her civil rights by

---

[3]Plaintiff incorrectly identified Mr. Jeremiah as "Kenneth Jeremiah" in her Complaint.  Moving Defendants state that they assume that Plaintiff intended to file suit against Kelvin Jeremiah, PHA Director.  (Defs.' Mot. to Dismiss at 2 n.2.)

[4]On September 13, 2013, we dismissed the Philadelphia Municipal Court Landlord Tenant Civil Division as a party to this action with prejudice.  (See Doc. No. 2.)

[5]In previous Memorandum Opinions, we dismissed all causes of action against Defendants, Kenneth L. Baritz Esq., the Law Firm of Kenneth L. Baritz & Associates, and the Robert Messerman Law Firm and its employees.  (See Doc. Nos. 55, 57.)

[6]Pro se litigants are entitled to a liberal reading of their filings.  See Ellington v. Cortes, 532 F. App'x. 53, 55 (3d Cir. 2013).

malicious prosecution (Count I), selective prosecution (Count II), false arrest (Count III), false imprisonment (Count IV), and excessive force (Count V). Id. ¶¶ 51-87. Plaintiff also alleges a "Monell"[7] claim against the City of Philadelphia (Count VI), and state law claims against all Defendants of false arrest/false imprisonment (Count VII), malicious prosecution (Count VIII), assault and battery and intentional infliction of emotional distress (Count IX), and loss of consortium (Count X). Id. ¶¶ 88-103.

Plaintiff contends that:

> [t]he Complaint arises out of a lease agreement for Section 8 housing that the Plaintiffs had with Defendant Shilomovich, and with extreme and outrageous course of conduct in which Shilomovich engaged in conspiracy with the other named Defendants, which involved violations of the Plaintiff's [sic] First, Fourth, and Fourteenth Amendment rights, and included physical assaults, excessive force and unlawful arrests of all of the named Plaintiffs by the named Philadelphia City Police officer defendants, and their unlawful incarceration, and other abuses and acts of mistreatment to which they have been, and continue to be subjected.

Id. ¶ 18.

The essence of the Complaint involves an action for eviction from Plaintiff's "Section 8" housing.[8] An action for eviction was initiated in the Philadelphia Municipal Court ("Municipal

---

[7] See Monell v. N.Y. City Dept. of Soc. Serv., 436 U.S. 658 (1978).

[8] The PHA explains that:

> [T]he Philadelphia Housing Authority did not own the property leased by Plaintiffs from Defendant Third Corsa Inc. and or Elain[e] Luckin. Pursuant to the Housing Choice Voucher Program, formally known as Section 8 Housing, the leased unit is located by the Housing Voucher tenant and the tenant enters into a lease agreement with the landlord. PHA provides the tenant with rent subsidy to assist in the payment of the rent. Housing Voucher Landlords are permitted to seek eviction of tenants for the tenant's non-payment of their share of the rent. In the

Court") (No. LT-11-01-06-3627) where, on March 14, 2011, the Court entered judgment[9] against Vincent Mason Sr. and "All Occupants" and for Defendant "Third Corsa (AKA/DBA: Elaine Luckin)". See Compl., Ex. A.  The Court issued an order for eviction at 160 E. Meehan Avenue, Philadelphia, Pennsylvania (the "Property"). Id.  Plaintiff contends that Defendant PPD began efforts to evict Plaintiff on four separate occasions, which resulted in violations of her rights by the PPD and the other Defendants. Id. ¶ 20.

We now will focus on the allegations in the Complaint specifically involving the Moving Defendants who are mentioned in paragraphs 20 and 65 of the Complaint. See id. ¶¶ 20, 65. Plaintiff avers that "Defendant Shilomovich, Baritz, PHA, Third Corsa, and Luckin entered in a conspiratorial agreement with the Philadelphia Municipal Court and Philadelphia Police defendants; to have her entire family forcefully, strong armed evicted, from [the] property." Id. ¶ 20.  Plaintiff further alleges that:

> Defendants of the Philadelphia Housing Authorities [sic] of the Office of Audit and Compliance failed to investigate, charge, or otherwise punish the illegal acts of Svetlana Shilomovich, Elaine Luckin and many others even after they were clearly found by the Department of HUD to be an abusing recipent [sic] of the section 8 housing voucher grant was terminated from the program for that purpose on June 10th, 2010, as known by the fraudulent investigating government agency of the Officer [sic] of Audit and Compliance: of the Philadelphia Housing Authority program, despite complaints.

---

case at hand, PHA was not a party to the Philadelphia Landlord-Tenant court action filed by Third Corsa against Plaintiff Vincent Mason.

(PHA's Mot. to Dismiss at 4 n.4.)

[9]The Court stated that "[p]ossession [was] granted on the basis of termination of the term and breach of a condition." See Compl., Ex. A.

Id. ¶ 65.

As already noted, Plaintiff's allegations arise from the underlying Municipal Court and Philadelphia County Court of Common Pleas ("Court of Common Pleas") actions. In the Municipal Court action, judgment in possession was entered against Vincent Mason, Sr. ("Vincent Sr.")[10] on March 14, 2011. See id., Ex. A. On this same date, Plaintiff and Vincent Sr. appealed this judgment to the Court of Common Pleas seeking supersedeas.[11] See id., Ex. D. Supersedeas was granted on this same day. Id. However, on June 7, 2011, the appeal was voluntarily "discontinued" (No. LT-11-01-06-3627). (See PHA's Mot. to Dismiss, Ex. D at 4.) Upon discontinuance of the appeal, supersedeas was automatically terminated.[12]

On July 15, 2011, Defendant Third Corsa filed a Writ of Possession in the Municipal Court, and on August 1, 2011, filed an Alias Writ.[13] (Id.) Four days after Plaintiff had been evicted on September 19, 2011, but had, subsequently, reentered the Property, Defendant Third Corsa filed a Petition to reissue the "Alias Writ" and proceed with another lockout. (Id. at 6.) The petition was granted on this date. (Id.)

Most of the Defendants in this action have filed Motions to Dismiss. The Moving Defendants filed their Motion to Dismiss on May 16, 2014. Plaintiff failed to file a Response

---

[10] It is noted that Vincent Sr., presumably Mason's husband, is not a named party in this action.

[11] Supersedeas is "a writ or bond that suspends a judgment creditor's power to levy execution." Black's Law Dictionary (9th ed. 2009).

[12] See Phila. Civ. R. 1008(d)(8) ("If an appeal is stricken or voluntarily terminated, any supersedeas based on it shall terminate").

[13] Alias Writ is "a writ issued after the first had failed." Black's Law Dictionary (9th ed. 2009).

within the fourteen (14) days permitted by Local Rule of Civil Procedure 7(c).[14]  Instead, Plaintiff filed a number of "Demands."  One such "Demand" was for the appointment of counsel.  (Doc. No. 31.)  On June 20, 2014, we denied the request for appointment of counsel after considering the factors enumerated in Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  See Mason v. City of Phila., No. 13-5163, 2014 WL 2804911 (E.D. Pa. June 20, 2014).  Also on this date, we entered an Order, specifically giving Plaintiff time to respond to the individual Motions to Dismiss that had been filed up to that time.  (Id.)  With regard to the instant Motion, Plaintiff was ordered to file a Response on or before July 31, 2014.  (See Doc. No. 37.)  Plaintiff filed a Response on July 7, 2014.  (Doc. No. 39).  However, such Response appears to be a general Response against all Defendants because it does not specifically address the instant Motion to Dismiss, and does not even mention the Moving Defendants by name.  (See id.)  To date, Plaintiff has filed a number of Motions and documents in this matter, but has not filed a specific Response to the instant Motion.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744,

---

[14]This Rule states in relevant part that:

> Unless the Court directs otherwise, any party opposing [a] motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief.

E.D. Pa. Local R. 7.1(c).

750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that [they do] not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

  Notwithstanding Twombly, the basic tenets of the Rule 12(b)(6) have not changed. The Knit With v. Knitting Fever, Inc., No. 08-4221, 2009 WL 973492, at *6 (E.D. Pa. Apr. 8, 2009). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any

reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III. DISCUSSION

### A. 42 U.S.C. § 1983 Liability

We first note that Plaintiff does not specifically name the PHA as a Defendant in this action. Rather, Plaintiff names individual PHA employees, Kelvin Jeremiah, Patrick Agnew, and Frank McLaughlin, as Defendants. See Compl. ¶¶ 11-12. Plaintiff does list the PHA in the caption of her Monell claim against the City (Count VI), but does not specifically state allegations against the PHA in this Count. See id. ¶¶ 88-92. The only other place in the Complaint that Plaintiff mentions the PHA is in paragraph 20. Plaintiff states that "Defendant Shilomovich, Baritz, PHA, Third Corsa, and Luckin entered in a conspiratorial agreement with the Philadelphia Municipal Court" and the PPD to have her and her family forcibly evicted. Id. ¶ 20. However, because we give Plaintiff, as a pro se litigant, a liberal reading of her filings, we will assume that it was Plaintiff's intention to name the PHA as a Defendant. See Ellington, 532 F. App'x. at 55.

We will first address Plaintiff's civil rights claims against the Defendant PHA Employees. As stated earlier, Plaintiff alleges that all Defendants violated her civil rights by malicious prosecution, selective prosecution, false arrest, false imprisonment, and excessive force. Moving Defendants assert that Plaintiff simply has not alleged a viable violation of a constitutional right and, thus, Plaintiff's 42 U.S.C. § 1983[15] ("§ 1983") claims should be

---

[15]Section 1983 reads as follows:

Every person who, under color of any statute, ordinance, regulation,

dismissed.  We agree.

To prevail in a § 1983 action, Plaintiff must demonstrate that: "(1) the defendants acted under color of law; and (2) their actions deprived [the plaintiff] of rights secured by the constitution or federal statutes." Anderson v. Davila, 125 F.3d 148, 159 (3d Cir. 1997).  We must first ascertain whether Plaintiff's Complaint has pleaded a violation of a constitutional right.  In re City of Phila. Litig., 49 F.3d 945, 962 (3d Cir. 1995).

Here, a review of Plaintiff's Complaint indicates that Plaintiff has not alleged constitutional violations against any of the individual Defendant PHA Employees.  As noted earlier, Plaintiff's allegation against the PHA employees is that "Defendants of the Philadelphia Housing Authorities [sic] of the Office of Audit and Compliance failed to investigate, charge, or otherwise punish the illegal acts of Svetlana Shilomovich, Elaine Luckin and many others even after they were clearly found by the Department of HUD to be an abusing recipent [sic] of the section 8 housing voucher grant." Compl. ¶ 65.  Drawing all reasonable inferences in the light most favorable to Plaintiff, it is clear that she has failed to allege a viable constitutional violation against any of the PHA employees because there exists no constitutional violation for an alleged failure to "investigate, charge," or "punish" by PHA employees.  Accordingly, Plaintiff's § 1983

---

custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.

claims against the Defendant PHA Employees are dismissed.[16]

Likewise, Plaintiff has failed to plead a viable § 1983 claim against the PHA as an entity. "A municipality cannot be held liable solely because it employs a tortfeasor." Monell, 436 U.S. at 691. Instead, the plaintiff must assert that an actual policy or custom of the municipality was the cause of the constitutional deprivation. Id. In order to sufficiently allege "custom" for Monell purposes, a plaintiff must allege that the "practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." Id.

A government policy or custom can be established in two ways. Policy is made when a "decisionmaker possess[ing] final authority to establish municipal policy with respect to the action" issues an official proclamation, policy, or edict. Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986). A course of conduct is considered to be a "custom" when, though not authorized by law, "such practices of state officials [are] so permanent and well settled" as to virtually constitute law. Monell, 436 U.S. at 690; see also Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990).

Plaintiff avers that "Defendants' [sic] developed and maintained policies, practices and customs exhibiting deliberate indifference to the Constitutional right of persons within the

---

[16] Moreover, we also find that the Defendant PHA Employees would all be entitled to qualified immunity in this case. "[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known.'" Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "A court evaluating a claim of qualified immunity 'must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation.'" Id. Here, as discussed, Plaintiff has not alleged deprivation of an actual constitutional right against any of the Defendant PHA Employees. Thus, they are entitled to this immunity.

geographic and jurisdictional limited of Philadelphia, which caused violations of Plaintiffs' constitutional rights." Compl. ¶ 89.  However, Plaintiff has failed to plead that the PHA maintained "policies, practices and customs" which violated her constitutional rights.  In fact, the next paragraph of the Complaint indicates that Plaintiff is referring to the City and the PPD with regard to her Monell claim.  It states: "[s]pecifically, Defendants failed to adequately and properly supervise and train [sic] in various aspects of law enforcement." Id. ¶ 90.  Accordingly, Plaintiff has failed to plead a viable Monell claim against Defendant PHA.  Consequently, her § 1983 claims against it are dismissed.

      **B. State Law Claims**

Moving Defendants next assert that Plaintiff's state law claims for false arrest and imprisonment, malicious prosecution, assault and battery, intentional infliction of emotional distress, and loss of consortium should also be dismissed because she has not pleaded that their conduct meets any of the elements required to establish any of these causes of action.  (PHA's Mot. to Dismiss at 14.)  Moving Defendants also argue that they are immune from liability pursuant to the Sovereign Immunity Act, 42 Pa.C.S. § 8522.  (Id.)  We agree.

As discussed above, Plaintiff's only allegation against the Defendant PHA Employees is that "Defendants of the Philadelphia Housing Authorities [sic] of the Office of Audit and Compliance failed to investigate, charge, or otherwise punish the illegal acts of Svetlana Shilomovich, Elaine Luckin and many others even after they were clearly found by the Department of HUD to be an abusing recipent [sic] of the section 8 housing voucher grant." Compl. ¶ 65.  However, Plaintiff has failed to contend that the Moving Defendants were present

or involved, in any way, with her alleged false arrest and false imprisonment,[17] as well as, her loss of consortium claim. With regard to the loss of consortium claim, Plaintiff only pleaded that a person named Nancy Friel lost the companionship of her husband, Larry Friel, who appears not to be related to this case in any way. See id. ¶ 103. Even assuming that Plaintiff intended to plead a loss of companionship with Vincent Sr., Plaintiff has pleaded no facts related to the Moving Defendants regarding this claim. Thus, Plaintiff's claims of false arrest, false imprisonment, and loss of consortium against the Moving Defendants are dismissed.

Next, Plaintiff's claim for malicious prosecution against the Moving Defendants will also be dismissed. 42 Pa.C.S. § 8351(a) states:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S. § 8351. Here, Plaintiff has failed to plead any facts indicating that the Moving Defendants acted in a "grossly negligent manner" in any of their dealings with her and/or with other Defendants in the filing of writs for eviction in the Municipal Court. Moreover, Plaintiff

---

[17]Under Pennsylvania law, the "elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." Renk v. City of Pitts., 641 A.2d 289, 293 (Pa. 1994).

has failed to plead that the proceedings in that Court were "terminated" in her favor. See Compl, Ex. A. Accordingly, this claim is dismissed.

Plaintiff's claim for assault and battery against the Moving Defendants must also be dismissed. In Pennsylvania, "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." Renk, 641 A.2d at 421. A battery is defined as a "harmful or offensive contact" with the person of another. C.C.H. v. Phila. Phillies, Inc., 940 A.2d 336, 340 (Pa. 2008). Plaintiff has failed to allege any facts that, if true, would established that the Moving Defendants committed either of these torts. Plaintiff does not allege that the Moving Defendants were actually present during any of the evictions and/or that any action(s) on their part meet any of the elements of these intentional torts. See Compl. ¶¶ 25-44. Plaintiff has failed to plead a single element of assault or battery against the Moving Defendants; therefore, these claims are dismissed.

Lastly, Plaintiff's claim for intentional infliction of emotional distress against the Moving Defendants will also be dismissed for failure to state a cause of action. To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. Hoy v. Angelone, 691 A.2d 476, 482 (Pa. Super. 1997). Moreover, the conduct:

> must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society . . . [I]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his

13

> conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.

Reardon v. Allegheny College, 926 A .2d 477, 488 (Pa. Super. 2007) (quoting Hoy, 720 A .2d at 754).  Here, Plaintiff has failed to plead conduct on the part of the Moving Defendants that was extreme, outrageous, or reckless.  As noted several times, Plaintiff's only factual allegations against the Moving Defendants involve their alleged failure "to investigate, charge, or otherwise punish the illegal acts of Svetlana Shilomovich, Elaine Luckin."  Compl. ¶ 65.  Such pleadings do not amount to claims of outrageous behavior.  Thus, Plaintiff's claim of intentional infliction of emotional distress against the Moving Defendants is dismissed.

Moreover, Moving Defendants are immune from liability pursuant to the Sovereign Immunity Act.  See 42 Pa.C.S. §§ 8521-8528.  We first note the clear intent of the Pennsylvania legislature to insulate the government and its employees from liability.  1 Pa.C.S. § 2310 states in relevant part:

> Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, it is hereby declared to be the intent of the General Assembly that the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity. When the General Assembly specifically waives sovereign immunity, a claim against the Commonwealth and its officials and employees shall be brought only in such manner and in such courts and in such cases as directed by the provisions of Title 42.

1 Pa.C.S. § 2310.

Sovereign immunity protects Commonwealth of Pennsylvania agencies and employees from all state law claims, with the exception of nine specific categories of claims.  See 42

Pa. C.S. § 8522.  These nine exceptions are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) commonwealth real estate, highways and sidewalks;[18] (5) potholes and other dangerous conditions; (6) care, custody, or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines.  42 Pa.C.S. § 8522(b).  Moreover, Pennsylvania Courts have held that these exceptions should be strictly construed and narrowly interpreted, given the express legislative intent to insulate the Commonwealth of Pennsylvania and its political subdivisions from tort liability.  See Downing v. Phila. Housing Auth., 610 A.2d 535 (Pa. Commw. 1992), appeal denied, 615 A.2d 1314 (Pa. 1992); Mascaro v. Youth Study Center, 523 A.2d 1118 (Pa. 1987).

Here, none of the torts asserted by Plaintiff in the instant case fall within any of these exceptions.  See Wright v. Phila. Housing Auth., No. 94-1601, 1994 WL 597716, at *5-6 (E.D. Pa. Nov. 1, 1994) (granting PHA's motion to dismiss state law claims of assault and battery, false arrest, false imprisonment, negligent of infliction of emotional distress, and intentional infliction of emotional distress because "[n]one of the torts asserted by plaintiff in [this] case fall within any of the exceptions"); see also Grace v. Phila. Housing Auth, No. 94-2778, 1994 WL 497554, at *1 (E.D. Pa. Sept. 13, 1994) (granting PHA's motion to dismiss plaintiff's state law claims of false arrest, malicious prosecution, and intentional infliction of emotional distress because none of these claims fall within the nine exceptions to sovereign immunity under the

---

[18] It is notable that the Pennsylvania Commonwealth Court in Prescott by James v. Phila. Housing Authority, 555 A.2d 305 (Pa. Commw. 1989), held that control exercised over a Section 8 apartment by the PHA did not give it the type of "possession" which would permit it to be held liable under the real property exception to the immunity statute, 42 Pa. C.S. § 8542(b)(3). 555 A.2d at 307; see also Sweeney v. Merrymead Farm, Inc., 799 A.2d 972, 978 (Pa. Cmmw. 2002); Sims v. Silver Springs- Martin Luther School, 625 A.2d 1297, 1300 (Pa. Commw. 1993).

Act).  Because none of Plaintiff's state law claims against the Moving Defendants fall within any of the exceptions to Sovereign Immunity Act, they should also be dismissed for this reason.

## IV.     CONCLUSION

We conclude that Plaintiff has failed to plead any allegations against the Moving Defendants to withstand a Motion to Dismiss under Rule 12(b)(6).  In addition, we find that the Moving Defendants are entitled to sovereign immunity.  Accordingly, their Motion to Dismiss is granted, and we dismiss all claims against the Moving Defendants.

An appropriate Order follows.