IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE ELIZABETH MASON, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 13-5163 |
| THE CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                    **SEPTEMBER 4, 2014**

      Presently before the Court is Defendants, Bart E. Levy, Esq., and Levy Law LLC's (the "Attorney Defendants"), Motion to Dismiss the Complaint of Florence Elizabeth Mason ("Plaintiff"), in her own right and on behalf of, Vincent T. Mason, Jr., and Crystal Mason,[1] and Plaintiff's Response.  For the reasons set forth below, this Motion will be granted.[2]

**I.     BACKGROUND**

      Plaintiff, in her own right and on behalf of, Vincent Jr. and Crystal, initiated this action by filing an application to "Proceed In Forma Pauperis" on September 4, 2013.  This Court granted the Motion on September 13, 2013, and on this same day, Plaintiff filed a Complaint naming a long list of Defendants including the following individuals and entities: the Attorney Defendants; the City of Philadelphia Police Department ("PPD"); Police Commissioner Charles

---

      [1]Vincent Mason Jr. ("Vincent Jr.") and Crystal Mason ("Crystal") are Florence Mason's children who were apparently minors at the time of the incidents at issue.

      [2]In a previous Memorandum Opinion, we dismissed Vincent Jr. and Crystal as Plaintiffs in this action.  (See Doc. No. 55.)

H. Ramsey; 14th Police District Captain John Fleming; 35th Police District Captain Joseph Fredricsdorf; 14th Police District individual officers Lt. Kopeki, Lt. Whaley, Lt. Tees, Officer Hummel, Officer Lamdherr, Officer Medycki, and "EDT" Miston; 35th Police District individual officers Officer Riddock, Officer Long, Captain Diguisse, Lt. Larks, Sergeant Kensy, Officer Sath, Officer Meril, and Officer Lackey; the Philadelphia Municipal Court Landlord Tenant Civil Division and the Office of the Clerks;[3] John and Jane Does of the Philadelphia Animal Control Unit; the Philadelphia Housing Authority's ("PHA") employees, Kenneth A. Jeremiah (President and Chief Operating Officer), Patrick Agnew (Office of PHA Audit and Compliance investigation officer), and Frank McLaughlin (Chief of Investigation of the PHA); the Robert H. Messerman, Esq. Law Firm; Third Corsa, Inc. (Elaine Luckin and Lenny Luckin); Svetlan Schilomovich; and Kenneth L. Baritz Esq. and the Law Firm of Kenneth L. Baritz & Associates.[4] See Compl. ¶¶ 8-16.

Plaintiff's pro se Complaint[5] avers that all Defendants violated her civil rights by malicious prosecution (Count I), selective prosecution (Count II), false arrest (Count III), false imprisonment (Count IV), and excessive force (Count V). Id. ¶¶ 51-87. Plaintiff also alleges a "Monell"[6] claim against the City of Philadelphia (Count VI), and state law claims against all

---

[3]On September 13, 2013, we dismissed the Philadelphia Municipal Court Landlord Tenant Civil Division as a party to this action with prejudice. (See Doc. No. 2.)

[4]In previous Memorandum Opinions, we dismissed all causes of action against Defendants, Kenneth L. Baritz Esq., the Law Firm of Kenneth L. Baritz & Associates, the Robert Messerman Law Firm and its employees, the PHA, and PHA employees, Kelvin A. Jeremiah, Patrick Agnew, and Frank McLaughlin. (See Doc. Nos. 55, 57, 59.)

[5]Pro se litigants are entitled to a liberal reading of their filings. See Ellington v. Cortes, 532 F. App'x. 53, 55 (3d Cir. 2013).

[6]See Monell v. N.Y. City Dept. of Soc. Serv., 436 U.S. 658 (1978).

Defendants of false arrest/false imprisonment (Count VII), malicious prosecution (Count VIII), assault and battery and intentional infliction of emotional distress (Count IX), and loss of consortium (Count X).  Id. ¶¶ 88-103.

Plaintiff contends that:

> [t]he Complaint arises out of a lease agreement for Section 8 housing that the Plaintiffs had with Defendant Shilomovich, and with extreme and outrageous course of conduct in which Shilomovich engaged in conspiracy with the other named Defendants, which involved violations of the Plaintiff's [sic] First, Fourth, and Fourteenth Amendment rights, and included physical assaults, excessive force and unlawful arrests of all of the named Plaintiffs by the named Philadelphia City Police officer defendants, and their unlawful incarceration, and other abuses and acts of mistreatment to which they have been, and continue to be subjected.

Id. ¶ 18.

The essence of the Complaint involves an action for eviction from Plaintiff's "Section 8" housing.[7]  An action for eviction was initiated in the Philadelphia Municipal Court ("Municipal

---

[7]In another Motion to Dismiss in this action filed by the PHA, which was addressed in a separate Memorandum Opinion, the PHA explained that:

> [T]he Philadelphia Housing Authority did not own the property leased by Plaintiffs from Defendant Third Corsa Inc. and or Elain[e] Luckin. Pursuant to the Housing Choice Voucher Program, formally known as Section 8 Housing, the leased unit is located by the Housing Voucher tenant and the tenant enters into a lease agreement with the landlord. PHA provides the tenant with rent subsidy to assist in the payment of the rent.  Housing Voucher Landlords are permitted to seek eviction of tenants for the tenant's non-payment of their share of the rent.  In the case at hand, PHA was not a party to the Philadelphia Landlord-Tenant court action filed by Third Corsa against Plaintiff Vincent Mason.

(See PHA Mot. to Dismiss, Doc. No. 26.)

3

Court") (No. LT-11-01-06-3627) where, on March 14, 2011, the Court entered judgment[8] against Vincent Mason Sr. and "All Occupants" and for Defendant "Third Corsa (AKA/DBA: Elaine Luckin)". See Compl., Ex. A. The Court issued an order for eviction at 160 E. Meehan Avenue, Philadelphia, Pennsylvania. (the "Property"). Id. Plaintiff contends that Defendant PPD began efforts to evict Plaintiff on four separate occasions, which resulted in violations of her rights by the PPD and the other Defendants. Id. ¶ 20.

We now will focus on the allegations in the Complaint specifically involving the Attorney Defendants who are mentioned in paragraph 64 of the Complaint. Id. ¶ 64. Plaintiff avers that "Elaine Luckin and Svetlana along with their attorneys Bart E. Ley [sic] and Kenneth L. Baritz, has [sic] instigated and provoked the incident and attacked Plaintiff Florence and her children."[9] Id. ¶ 64.

As already noted, Plaintiff's allegations arise from the underlying Municipal Court and Philadelphia County Court of Common Pleas ("Court of Common Pleas") actions. In the Municipal Court action, judgment in possession was entered against Vincent Mason, Sr. ("Vincent Sr.")[10] on March 14, 2011. See id., Ex. A. On this same date, Plaintiff and Vincent Sr. appealed this judgment to the Court of Common Pleas seeking supersedeas.[11] See id., Ex. D. Supersedeas was granted on this same day. Id. However, on June 7, 2011, the appeal was

---

[8]The Court stated that "[p]ossession [was] granted on the basis of termination of the term and breach of a condition." See Compl., Ex. A.

[9]It is noted that the Levy Law Firm LLC is not mentioned in any Counts of the Complaint.

[10]It is noted that Vincent Sr., presumably Mason's husband, is not a named party in this action.

[11]Supersedeas is "a writ or bond that suspends a judgment creditor's power to levy execution." Black's Law Dictionary (9th ed. 2009).

voluntarily "discontinued" (No. LT-11-01-06-3627). (See Pl.'s Resp., Ex. G at 4.) Upon discontinuance of the appeal, supersedeas was automatically terminated.[12]

On July 15, 2011, Defendant Third Corsa filed a Writ of Possession in the Municipal Court, and on August 1, 2011, filed an Alias Writ.[13] (Id.) Four days after Plaintiff had been previously evicted on September 19, 2011, but, subsequently, had reentered the Property, Defendant Third Corsa filed a Petition to reissue the "Alias Writ" and proceed with another lockout. (Id. at 6.) The petition was granted on this date. (Id.)

Most of the Defendants in this action have filed Motions to Dismiss. The Attorney Defendants filed their Motion to Dismiss on June 4, 2014. Plaintiff failed to file a Response within the fourteen (14) days permitted by Local Rule of Civil Procedure 7(c).[14] Instead, Plaintiff filed a number of "Demands." One such "Demand" was for the appointment of counsel. (Doc. No. 31.) On June 20, 2014, we denied the request for appointment of counsel after considering the factors enumerated in Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). See Mason v. City of Phila., No. 13-5163, 2014 WL 2804911 (E.D. Pa. June 20, 2014). Also on this date, we entered an Order, specifically giving Plaintiff time to respond to the individual Motions to Dismiss that

---

[12] See Phila. Civ. R. 1008(d)(8) ("If an appeal is stricken or voluntarily terminated, any supersedeas based on it shall terminate").

[13] Alias Writ is "a writ issued after the first had failed." Black's Law Dictionary (9th ed. 2009).

[14] This Rule states in relevant part that:

> Unless the Court directs otherwise, any party opposing [a] motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief.

E.D. Pa. Local R. 7.1(c).

had been filed up to that time. (Id.) With regard to the instant Motion, Plaintiff was ordered to file a Response on or before August 28, 2014. (See Doc. No. 37.) Plaintiff filed a Response on July 7, 2014. (Doc. No. 39). However, such Response appears to be a general Response against all Defendants because it does not specifically address the instant Motion to Dismiss, and does not even mention the Attorney Defendants by name. (See id.) To date, Plaintiff has filed a number of Motions and documents in this matter, but has not filed a specific Response to the instant Motion.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. 544, 555 (2007). Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that [they do] not provide a defendant the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at

6

234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

Notwithstanding Twombly, the basic tenets of the Rule 12(b)(6) have not changed. The Knit With v. Knitting Fever, Inc., No. 08-4221, 2009 WL 973492, at *6 (E.D. Pa. Apr. 8, 2009). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III. DISCUSSION

#### A. 42 U.S.C. § 1983 Liability

We will first address Plaintiff's civil rights claims against the Attorney Defendants. To prevail in a 42 U.S.C. § 1983 ("§ 1983")[15] action, Plaintiff must demonstrate that: "(1) the

---

[15]Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws,

defendants acted under color of law; and (2) their actions deprived [the plaintiff] of rights secured by the constitution or federal statutes." Anderson v. Davila, 125 F.3d 148, 159 (3d Cir. 1997).

In order to come within the purview of § 1983 liability, Plaintiff must show that the Attorney Defendants acted under color of state law by pointing to some action, undertaken by them, that is "fairly attributable" to the state. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 937 (1982); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3rd Cir. 1999). To do so, Plaintiff must show (1) that the defendants' acts were "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and (2) that the defendants may fairly be said to be state actors. Id.

"Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." Hynoski v. Columbia Cnty. Redevelopment Auth., 941 F. Supp. 2d 547, 562 (M.D. Pa. 2013) (citing Angelico, 184 F.3d at 2770); see also Polk Cnty. v. Dodson, 454 U.S. 312, 318 (1981)). "Thus, private attorneys cannot be held liable under § 1983 for unilateral actions which they took on behalf of their clients as their private attorneys." Id. (citing Drum v. Nasuti, 648 F. Supp. 888, 897 (E.D. Pa. 1986)). Rather, to satisfy the "color of state law" element, Plaintiff must allege that the Attorney Defendants were not merely performing lawyers' traditional functions, but were attempting to

---

shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.

exercise some sort of official authority over them. Id. (citing Repoli v. Cuoco, 316 F. App'x. 188, 190 (3d Cir. 2009)) (unpublished opinion); see also Polk Cnty., 454 U.S. at 325. Accordingly, this Court must determine whether, under the facts and circumstances of this case, the Attorney Defendants were "clothed in the authority of state law" when they filed writs on behalf of their clients in the Municipal Court in furtherance of evicting Plaintiff from the Property. See Groman v. Twp., 47 F.3d 628, 639 n.17 (3d Cir. 1995).

Drawing all reasonable inferences in the light most favorable to Plaintiff, it is clear that the Attorney Defendants, employed by a private law firm, and acting on behalf of their clients, exerted no such authority and, as such, were not state actors for the purposes of § 1983. See Hynoski, 941 F. Supp. 2d at 562. Accordingly, because Plaintiff has failed to plead facts which would demonstrate that the Attorney Defendants acted under color of state law, Plaintiff's § 1983 claims against them are dismissed.

### B. State Law Claims

The Attorney Defendants next assert that Plaintiff's state law claims for false arrest and imprisonment, malicious prosecution, assault and battery, intentional infliction of emotional distress, and loss of consortium should also be dismissed because Plaintiff has not pleaded that their conduct meets any of the elements required to establish any of these causes of action. (Defs.' Mot. to Dismiss at 10-13.) We agree.

As noted above, Plaintiff alleges that "Elaine Luckin and Svetlana along with their attorneys Bart E. Ley [sic] and Kenneth L. Baritz, has [sic] instigated and provoked the incident

9

and attacked Plaintiff Florence and her children."[16]  See Compl. ¶ 64.  However, Plaintiff has failed to contend that the Attorney Defendants were present or involved, in any way, with her alleged false arrest and false imprisonment,[17] as well as, her loss of consortium claim.  With regard to the loss of consortium claim, Plaintiff only pleaded that a person named Nancy Friel lost the companionship of her husband, Larry Friel, who appears not to be related to this case in any way.  See id. ¶ 103.  Even assuming that Plaintiff intended to plead a loss of companionship with Vincent Sr., Plaintiff has pleaded no facts related to the Attorney Defendants regarding this claim.  Thus, Plaintiff's claims of false arrest, false imprisonment, and loss of consortium against the Attorney Defendants are dismissed

Next, Plaintiff's claim for malicious prosecution against the Attorney Defendants will also be dismissed.  42 Pa.C.S.A. § 8351(a) states:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) The proceedings have terminated in favor of the person against whom they are brought.

---

[16]It is noted that the Levy Law Firm LLC is not mentioned in any Counts of the Complaint.

[17]Under Pennsylvania law, the "elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention."  Renk v. City of Pitts., 641 A.2d 289, 293 (Pa. 1994).

42 Pa.C.S.A. § 8351.  Here, Plaintiff has failed to plead any facts indicating that the Attorney Defendants, acting on behalf of their clients, acted in a "grossly negligent manner" in filing "notices" against Plaintiff in the Philadelphia Municipal Court.  (See Defs.' Mot. to Dismiss, Ex. B.)  Moreover, Plaintiff has failed to plead that the proceedings in that Court were "terminated" in her favor.  See Compl, Ex. A.  Accordingly, this claim is dismissed.

Plaintiff's claim for assault and battery against the Attorney Defendants must also be dismissed.  In Pennsylvania, "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." Renk, 641 A.2d at 421.  A battery is defined as a "harmful or offensive contact" with the person of another.  C.C.H. v. Phila. Phillies, Inc., 940 A.2d 336, 340 (Pa. 2008).

Here, Plaintiff has failed to allege facts that, if true, would establish that the Attorney Defendants committed either of these torts.  Again, Plaintiff's only factual contention against the Attorney Defendants related to these torts is that "Elaine Luckin and Svetlana along with their attorneys Bart E. Ley [sic] and Kenneth L. Baritz, has [sic] instigated and provoked the incident and attacked Plaintiff Florence and her children" during an eviction.  Compl. ¶ 65.  However, Plaintiff does not allege that the Attorney Defendants were actually present during any of the evictions and/or that any action(s) on their part meet any of the elements of these intentional torts.  See Compl. ¶¶ 25-44.  Plaintiff has failed to plead a single element of assault or battery against the Attorney Defendants; therefore, these claims are dismissed.

Finally, Plaintiff's claim for intentional infliction of emotional distress against the

Attorney Defendants will also be dismissed for failure to state a cause of action. To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. Hoy v. Angelone, 691 A.2d 476, 482 (Pa. Super. 1997). Moreover, the conduct:

> must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society . . . [I]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.

Reardon v. Allegheny College, 926 A.2d 477, 488 (Pa. Super. 2007) (quoting Hoy, 720 A.2d at 754). Here, Plaintiff has failed to plead conduct on the part of the Attorney Defendants that was extreme, outrageous, or reckless. As noted several times, Plaintiff's only factual allegations against the Attorney Defendants involve the filing of "notices" in the Municipal Court on behalf of their clients. Such pleadings do not amount to claims of outrageous behavior. Thus, Plaintiff's claim of intentional infliction of emotional distress against the Attorney Defendants is dismissed.

## IV.   CONCLUSION

We conclude that Plaintiff has failed to plead any allegations against the Attorney Defendants to withstand a Motion to Dismiss under Rule 12(b)(6). Accordingly, their Motion to Dismiss is granted, and we dismiss all claims against the Attorney Defendants.

An appropriate Order follows.