



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE ELIZABETH MASON, et al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | No. 13-5163 |
| | : | |
| THE CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**FILED**

SEP 1 0 2014

MICHAEL E. KUNZ, Clerk
By____Ue____Dep. Clerk

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                    **SEPTEMBER 10, 2014**

Presently before the Court is Defendants, Third Corsa, Inc. ("Defendant Third Corsa"),

Elaine Luckin, and Lenny Luckin's, pro se Motion to Dismiss the Complaint of Florence

Elizabeth Mason ("Plaintiff"), in her own right and on behalf of, Vincent T. Mason, Jr., and

Crystal Mason.[1]  Plaintiff did not file a Response.  For the reasons set forth below, this Motion

will be granted.

---

[1] Vincent Mason Jr., ("Vincent Jr.") and Crystal Mason ("Crystal") are Florence Mason's children who were apparently minors at the time of the incidents at issue.  On September 13, 2013, we ordered that Mason, a pro se litigant who is not an attorney, may not represent anyone else in federal court, nor can she represent her minor children in this action.  (See Doc. No. 2) (citing Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991)).  Accordingly, on August 28, 2014, we dismissed Vincent Jr. and Crystal as Plaintiffs in this action.  (See Doc. No. 55.)

Here, Defendant, Elaine Luckin, has filed this Motion as a pro se litigant on behalf of herself, Lenny Luckin, and Third Corsa, Inc.  (Defs.' Mot. to Dismiss at 1.)  For the same reasons stated above, that Plaintiff is unable to represent her children in this action, Elaine Luckin, as a pro se litigant, is unable to represent Lenny Luckin.  See Osei-Afriyie ex rel. Osei-Afriyie, 937 F.2d at 882-83.  However, because Plaintiff brought suit against Elaine Luckin "DBA" (doing business as) Third Corsa, Inc., and Elaine Luckin acknowledges in this Motion that she is doing business as Third Corsa, Inc., we will allow her to represent the interests of Third Corsa, Inc., as a Defendant in this action.  Accordingly, we will refer to Elaine Luckin and Defendant Third Corsa as the "Moving Defendants."



## I.     BACKGROUND

Plaintiff, in her own right and on behalf of, Vincent Jr. and Crystal, initiated this action by filing an application to "Proceed In Forma Pauperis" on September 4, 2013. This Court granted the Motion on September 13, 2013, and on this same day, Plaintiff filed a Complaint naming a long list of Defendants including the following individuals and entities: the Moving Defendants; Lenny Luckin; the City of Philadelphia Police Department ("PPD"); Police Commissioner Charles H. Ramsey; 14th Police District Captain John Fleming; 35th Police District Captain Joseph Fredricsdorf; 14th Police District individual officers Lt. Kopeki, Lt. Whaley, Lt. Tees, Officer Hummel, Officer Lamdherr, Officer Medycki, and "EDT" Miston; 35th Police District individual officers Officer Riddock, Officer Long, Captain Diguisse, Lt. Larks, Sergeant Kensy, Officer Sath, Officer Meril, and Officer Lackey; the Philadelphia Municipal Court Landlord Tenant Civil Division and the Office of the Clerks;[2] the Philadelphia Animal Control Unit, and its Officers John and Jane Doe; the Philadelphia Housing Authority ("PHA"); PHA employees, Kenneth A. Jeremiah (President and Chief Operating Officer), Patrick Agnew (Office of PHA Audit and Compliance investigation officer), and Frank McLaughlin (Chief of Investigation of the PHA); the Robert H. Messerman, Esq. Law Firm; Svetlan Shilomovich; Kenneth L. Baritz Esq. and the Law Firm of Kenneth L. Baritz & Associates; and Bart E. Levy, Esq., and Levy Law LLC.[3] See Compl. ¶¶ 8-16.

---

[2] On September 13, 2013, we dismissed the Philadelphia Municipal Court Landlord Tenant Civil Division as a party to this action with prejudice. (See Doc. No. 2.)

[3] In previous Memorandum Opinions, we dismissed all causes of action against Defendants, Kenneth L. Baritz Esq., and the Law Firm of Kenneth L. Baritz & Associates; the Robert Messerman Law Firm and its employees; the PHA; PHA employees, Kelvin A. Jeremiah, Patrick Agnew, and Frank McLaughlin; and Bart E. Levy, Esq., and Levy Law LLC. (See Doc. Nos. 55, 57, 59-60.)

Plaintiff's pro se Complaint[4] avers that all Defendants violated her civil rights by malicious prosecution (Count I), selective prosecution (Count II), false arrest (Count III), false imprisonment (Count IV), and excessive force (Count V). Id. ¶¶ 51-87. Plaintiff also alleges a "Monell"[5] claim against the City of Philadelphia (Count VI), and state law claims against all Defendants of false arrest/false imprisonment (Count VII), malicious prosecution (Count VIII), assault and battery and intentional infliction of emotional distress (Count IX), and loss of consortium (Count X). Id. ¶¶ 88-103.

Plaintiff contends that:

> [t]he Complaint arises out of a lease agreement for Section 8 housing that the Plaintiffs had with Defendant Shilomovich, and with extreme and outrageous course of conduct in which Shilomovich engaged in conspiracy with the other named Defendants, which involved violations of the Plaintiff's [sic] First, Fourth, and Fourteenth Amendment rights, and included physical assaults, excessive force and unlawful arrests of all of the named Plaintiffs by the named Philadelphia City Police officer defendants, and their unlawful incarceration, and other abuses and acts of mistreatment to which they have been, and continue to be subjected.

Id. ¶ 18.

The essence of the Complaint involves an action for eviction from Plaintiff's "Section 8" housing.[6] An action for eviction was initiated in the Philadelphia Municipal Court ("Municipal

---

[4]Pro se litigants are entitled to a liberal reading of their filings. See Ellington v. Cortes, 532 F. App'x. 53, 55 (3d Cir. 2013).

[5]See Monell v. N.Y. City Dept. of Soc. Serv., 436 U.S. 658 (1978).

[6]In another Motion to Dismiss in this action filed by the PHA, which was addressed in a separate Memorandum Opinion, the PHA explained that:

> [T]he Philadelphia Housing Authority did not own the property leased by Plaintiffs from Defendant Third Corsa Inc. and or Elain[e] Luckin.

Court") (No. LT-11-01-06-3627) where, on March 14, 2011, the Court entered judgment[7] against

Vincent Mason, Sr. and "All Occupants" and for Defendant "Third Corsa (AKA/DBA: Elaine

Luckin)." See Compl., Ex. A. The Court issued an order for eviction at 160 E. Meehan Avenue,

Philadelphia, Pennsylvania. (the "Property").[8]  Id.  Plaintiff contends that Defendant PPD began

efforts to evict her on four separate occasions, which resulted in violations of her rights by the

PPD and the other Defendants. Id. ¶ 20.

We now will focus on the allegations in the Complaint specifically involving the Moving

Defendants. Plaintiff alleges that:

> Beginning in or around early 2011, the Plaintiff Florence Mason
> defended herself in a bogus and unlawful action by Defendants
> THIRD CORSA INC, AKA FIRST CORSA INC., DBA ELAINE
> LUCKIN to evict her and her family from property 160 E. Meehan
> Avenue., in the County of Philadelphia State of Pennsylvania; from
> PHA section 8 Program to the Fictitious Slumlord Defendant
> Svetlana Shilomovich.  Plaintiff, prevailed against their fraudulent
> claims as presented in the Landlord Tenant Court Municipal Court
> of Philadelphia bearing [sic] Case No. Lt-11-01-06-3627 on appeal

---

> Pursuant to the Housing Choice Voucher Program, formally known as
> Section 8 Housing, the leased unit is located by the Housing Voucher
> tenant and the tenant enters into a lease agreement with the landlord.
> PHA provides the tenant with rent subsidy to assist in the payment of the
> rent.  Housing Voucher Landlords are permitted to seek eviction of
> tenants for the tenant's non-payment of their share of the rent.  In the
> case at hand, PHA was not a party to the Philadelphia Landlord-Tenant
> court action filed by Third Corsa against Plaintiff Vincent Mason.

(See PHA Mot. to Dismiss, Doc. No. 26.)

[7]The Court stated that "[p]ossession [was] granted on the basis of termination of the term and breach of a condition."  See Compl., Ex. A.

[8]Moving Defendants assert in their Motion that Defendant, Svetlana Shilomovich ("Defendant Shilomovich"), is the owner of the Property. (Defs.' Mot. to Dismiss at 1.)  Additionally, they state that they manage this property for Defendant Shilomovich which includes services such as collecting rent, answering tenant requests, and complying with housing inspection requirements.  (Id.)

> to the Court of Common Pleas under its Appellate Jurisdiction in
> Case No.: 110301022 on July 7th, 2011.

Compl. ¶ 19.  Plaintiff further contends that "[t]hereafter Defendant Shilomovich, Baritz, PHA,

Third Corsa, and Luckin entered into a conspiratorial agreement with the Philadelphia Municipal

Court and Philadelphia Police defendants; to have her entire family forcefully, strong armed

evicted, from property."  Id. ¶ 20.  Plaintiff also avers that "Elaine Luckin and Svetlana along

with their attorneys Bart E. Ley [sic] and Kenneth L. Baritz, has [sic] instigated and provoked the

incident and attacked Plaintiff Florence and her children."  Id. ¶ 64.

As already noted, Plaintiff's allegations arise from the underlying Municipal Court and

Philadelphia County Court of Common Pleas ("Court of Common Pleas") actions.  In the

Municipal Court action, judgment in possession was entered against Vincent Mason, Sr.

("Vincent Sr.")[9] on March 14, 2011.  See id., Ex. A.  On this same date, Plaintiff and Vincent Sr.

appealed this judgment to the Court of Common Pleas seeking supersedeas.[10]  See id., Ex. D.

Supersedeas was granted on this same day.  Id.  However, on June 7, 2011, the appeal was

voluntarily "discontinued" (No. LT-11-01-06-3627).  (See Pl.'s Resp., Ex. G at 4.)  Upon

discontinuance of the appeal, supersedeas was automatically terminated.[11]

On July 15, 2011, Defendant Third Corsa filed a Writ of Possession in the Municipal

Court, and on August 1, 2011, filed an Alias Writ.[12]  (Id.)  Four days after Plaintiff had been

---

[9]It is noted that Vincent Sr., presumably Mason's husband, is not a named party in this action.

[10]Supersedeas is "a writ or bond that suspends a judgment creditor's power to levy execution."  Black's Law Dictionary (9th ed. 2009).

[11]See Phila. Civ. R. 1008(d)(8) ("If an appeal is stricken or voluntarily terminated, any supersedeas based on it shall terminate").

[12]Alias Writ is "a writ issued after the first had failed."  Black's Law Dictionary (9th ed. 2009).

previously evicted on September 19, 2011, but, subsequently, had reentered the Property,

Defendant Third Corsa filed a Petition to reissue the "Alias Writ" and proceed with another

lockout. (Id. at 6.) The petition was granted on this date. (Id.)

Most of the Defendants in this action have filed Motions to Dismiss. The Moving

Defendants filed their pro se Motion to Dismiss on August 4, 2014. Plaintiff failed to file a

Response within the fourteen (14) days permitted by Local Rule of Civil Procedure 7(c).[13] We

note that Plaintiff filed a "Demand" for the appointment of counsel on May 22, 2014. (Doc. No.

31.) On June 20, 2014, we denied the request for appointment of counsel after considering the

factors enumerated in Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). See Mason v. City of

Phila., No. 13-5163, 2014 WL 2804911 (E.D. Pa. June 20, 2014).

## II.   STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency

of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Under Rule 12(b)(6), the

defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which

relief can be granted. Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744,

750 (3d Cir. 2005). In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

---

[13]This Rule states in relevant part that:

> Unless the Court directs otherwise, any party opposing [a] motion shall
> serve a brief in opposition together with such answer or other response
> that may be appropriate, within fourteen (14) days after service of the
> motion and supporting brief.

E.D. Pa. Local R. 7.1(c).

conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550

U.S. 544, 555 (2007). Following Twombly, the Third Circuit has explained that the factual

allegations in the complaint may not be "so undeveloped that [they do] not provide a defendant

the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d

224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause

of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id.

(alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's

"factual allegations must be enough to raise a right to relief above the speculative level." Id. at

234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at

the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation

that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S.

at 556).

Notwithstanding Twombly, the basic tenets of the Rule 12(b)(6) have not changed. The

Knit With v. Knitting Fever, Inc., No. 08-4221, 2009 WL 973492, at *6 (E.D. Pa. Apr. 8, 2009).

The general rules of pleading still require only a short and plain statement of the claim showing

that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231.

Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded

allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may

be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch.

Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any

reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche

Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

7

## III.    DISCUSSION

### A.  42 U.S.C. § 1983 Liability

We will first address Plaintiff's civil rights claims against the Moving Defendants.  To

prevail in a 42 U.S.C. § 1983 ("§ 1983")[14] action, Plaintiff must demonstrate that: "(1) the

defendants acted under color of law; and (2) their actions deprived [the plaintiff] of rights

secured by the constitution or federal statutes."  Anderson v. Davila, 125 F.3d 148, 159 (3d Cir.

1997).

In order to come within the purview of § 1983 liability, Plaintiff must show that the

Moving Defendants acted under color of state law by pointing to some action, undertaken by

them, that is "fairly attributable" to the state.  See Lugar v. Edmondson Oil Co., 457 U.S. 922,

930, 937 (1982); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3rd Cir. 1999).  To

do so, Plaintiff must show: (1) that the defendants' acts were "the exercise of some right or

privilege created by the State or by a rule of conduct imposed by the state or by a person for

whom the State is responsible," and (2) that the defendants may fairly be said to be state actors.

Id.

Accordingly, this Court must determine whether, under the facts and circumstances of

---

[14]Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or
> other proceeding for redress.

42 U.S.C. § 1983.

this case, the Moving Defendants were "clothed in the authority of state law" when they filed

writs on behalf of their client, Defendant Shilomovich, in the Municipal Court in furtherance of

evicting Plaintiff from the Property.[15] See Groman v. Twp. of Manalapan, 47 F.3d 628, 639 n.17

(3d Cir. 1995).  Drawing all reasonable inferences in the light most favorable to Plaintiff, it is

clear that the Moving Defendants, as a private business and an individual working for that

business by acting on behalf of their client, Defendant Shilomovich, exerted no such authority

and, as such, were not state actors for the purposes of § 1983.  See Hynoski v. Columbia

Redevelopment Auth., 941 F. Supp. 2d 547, 562 (M.D. Pa. 2012).  Accordingly, because

Plaintiff has failed to plead facts which would demonstrate that the Moving Defendants acted

under color of state law, Plaintiff's § 1983 claims against them are dismissed.

### B. State Law Claims

The Moving Defendants next assert that Plaintiff's state law claims for false arrest and

imprisonment, malicious prosecution, assault and battery, intentional infliction of emotional

distress, and loss of consortium should also be dismissed because Plaintiff has not pleaded that

their conduct meets any of the elements required to establish any of these causes of action.

(Defs.' Mot. to Dismiss at 10-13.)  We agree.

As noted above, Plaintiff alleges that "Elaine Luckin and Svetlana along with their

attorneys Bart E. Ley [sic] and Kenneth L. Baritz, has [sic] instigated and provoked the incident

and attacked Plaintiff Florence and her children."  See Compl. ¶ 64.  However, Plaintiff has

failed to contend that the Moving Defendants were present or involved, in any way, with her

---

[15]Moving Defendants were represented by Defendant, Bart Levy, Esq. in the filings in the
Municipal Court.  See Compl., Ex. A.

9

alleged false arrest and false imprisonment,[16] as well as, her loss of consortium claim.  With regard to the loss of consortium claim, Plaintiff only pleaded that a person named Nancy Friel lost the companionship of her husband, Larry Friel, who appears not to be related to this case in any way.  See id. ¶ 103.  Even assuming that Plaintiff intended to plead a loss of companionship with Vincent Sr., Plaintiff has pleaded no facts related to the Moving Defendants regarding this claim.  Thus, Plaintiff's claims of false arrest, false imprisonment, and loss of consortium against the Moving Defendants are dismissed

Next, Plaintiff's claim for malicious prosecution against the Moving Defendants will also be dismissed.  42 Pa.C.S.A. § 8351(a) states:

> A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
>
> (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and
>
> (2) The proceedings have terminated in favor of the person against whom they are brought.

42 Pa.C.S.A. § 8351.  Here, Plaintiff has failed to plead any facts indicating that the Moving Defendants, acting on behalf of their client, Defendant Shilomovich,[17] acted in a "grossly

---

[16]Under Pennsylvania law, the "elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention."  Renk v. City of Pitts., 641 A.2d 289, 293 (Pa. 1994).

[17]Moving Defendants assert that "[a]s of December 2010, Defendant Shilomovich have [sic] not received any rent payments from the PHA [for the Property].  She [Shilomovich] asked me, Elaine Luckin, to file a Landlord and Tenant complaint at the Municipal Court of Philadelphia for possession on

negligent manner" in filing "notices" and writs against Plaintiff in the Municipal Court. See Compl., Ex. A. Moreover, Plaintiff has failed to plead that the proceedings in that Court were "terminated" in her favor. See id. In fact, the Municipal Court docket indicates that the proceedings in that Court resulted in favor of Defendant Third Corsa. Id. Accordingly, this claim is dismissed.

Plaintiff's claim for assault and battery against the Moving Defendants must also be dismissed. In Pennsylvania, "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." Renk, 641 A.2d at 421. A battery is defined as a "harmful or offensive contact" with the person of another. C.C.H. v. Phila. Phillies Inc., 940 A.2d 336, 340 (Pa. 2008).

Here, Plaintiff has failed to allege facts that, if true, would establish that the Moving Defendants committed either of these torts. Again, Plaintiff's only factual contention against the Moving Defendants regarding these torts is that "Elaine Luckin and Svetlana along with their attorneys Bart E. Ley [sic] and Kenneth L. Baritz, has [sic] instigated and provoked the incident and attacked Plaintiff Florence and her children" during an eviction. Compl. ¶ 65. However, Plaintiff does not allege that the Moving Defendants were actually present during any of the evictions and/or that any action(s) on their part meet any of the elements of these intentional torts. See Compl. ¶¶ 25-44. Plaintiff has failed to plead a single element of assault or battery against the Moving Defendants; therefore, these claims are dismissed.

---

demand on the basis of non-payment of rent." (Defs.' Mot. to Dismiss at 5.)

Finally, Plaintiff's claim for intentional infliction of emotional distress against the Moving Defendants will also be dismissed for failure to state a cause of action. To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe. Hoy v. Angelone, 691 A.2d 476, 482 (Pa. Super. 1997). Moreover, the conduct:

> must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society . . . [I]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.

Reardon v. Allegheny College, 926 A.2d 477, 488 (Pa. Super. 2007) (quoting Hoy, 720 A .2d at 754). Here, Plaintiff has failed to plead conduct on the part of the Moving Defendants that was extreme, outrageous, or reckless. As noted several times, Plaintiff's only factual allegations against the Moving Defendants involve the filing of writs in the Municipal Court on behalf of their clients. Such pleadings do not amount to claims of outrageous behavior. Thus, Plaintiff's claim of intentional infliction of emotional distress against the Moving Defendants is dismissed.[18]

---

[18]As noted earlier, Defendant, Elaine Luckin, as a pro se litigant, cannot represent Defendant, Lenny Luckin, in this action. See Osei-Afriyie ex rel. Osei-Afriyie, 937 F.2d at 882-83. Nevertheless, we dismiss *sua sponte* all claims against Defendant, Lenny Luckin. Under 28 U.S.C. § 1915(e)(2), when a party asks to proceed in forma pauperis or is granted such status and is proceeding in forma pauperis, the Court shall dismiss *sua sponte* the case "at any time if the Court determines that-

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal-

12

## IV.   CONCLUSION

We conclude that Plaintiff has failed to plead any allegations against the Moving

Defendants to withstand a Motion to Dismiss under Rule 12(b)(6).  Accordingly, their Motion to

Dismiss is granted, and we dismiss all claims against the Moving Defendants.  Moreover, we

dismiss *sua sponte* all claims against Defendant, Lenny Luckin, and Defendants, the Philadelphia

Animal Control Unit, and its Officers John and Jane Doe.

An appropriate Order follows.

---

(i)  is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2).  Here, a review of the Complaint indicates that Plaintiff failed to even mention
Defendant, Lenny Luckin, in any of her Counts.  Accordingly, under this section, we dismiss all claims
against Defendant, Lenny Luckin, for Plaintiff's failure to state a claim on which relief may be granted.
See Compl. ¶¶ 51-103.  Likewise, for these same reasons, we dismiss *sua sponte* all claims against
Defendants, the Philadelphia Animal Control Unit, and its Officers John and Jane Doe.  Plaintiff also
fails to state a claim against these Defendants in any Count of her Complaint.  See id.

13