# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE ELIZABETH MASON, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | No. 13-5163 |
| THE CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

FILED
SEP 29 2014
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                    **SEPTEMBER 29, 2014**

Presently before the Court is Plaintiff, Florence Elizabeth Mason's ("Plaintiff"), "Motion to Disqualify Judge." For the reasons set forth below, this Motion is denied.

### I.   BACKGROUND

Plaintiff, in her own right and on behalf of, Vincent Mason Jr. and Crystal Mason,[1] initiated this action by filing an application to "Proceed In Forma Pauperis" on September 4, 2013. I granted the Motion on September 13, 2013, and on this same day, Plaintiff filed a pro se[2] Complaint naming a long list of Defendants including the following individuals and entities: the Philadelphia Housing Authority ("PHA"); PHA employees, Kelvin A. Jeremiah, Patrick Agnew, and Frank McLaughlin (collectively, "PHA Employees"); the City of Philadelphia (the "City");

---

[1]Vincent Mason Jr. and Crystal Mason are Florence Mason's children who were apparently minors at the time of the incidents at issue. In a previous Memorandum Opinion, we dismissed them both as Plaintiffs in this action. (See Doc. No. 55.)

[2]Pro se litigants are entitled to a liberal reading of their filings. See Ellington v. Cortes, 532 F. App'x. 53, 55 (3d Cir. 2013).



the Philadelphia Police Department (the "PPD"); Commissioner Charles Ramsey ("Commissioner Ramsey"); PPD officers, Fleming, Fredricsdorf, Kopeki, Whaley ("Lt. Whaley"), Tees, Hummel, Lamdherr, Medycki, Miston, Riddock, Long, Diguisse, Larks, Kensy, Sath, Meril, and Lackey; the Philadelphia Municipal Court Landlord Tenant Civil Division;[3] John and Jane Does of the Philadelphia Animal Control Unit; "Robert H. Messerman, Esq Law Firm and its employee(s) Earl Smith" (collectively, "Messerman"); Bart E. Levy, Esq., and his law firm ("collectively, "Levy"); Third Corsa, Inc.; Elaine Luckin; Lenny Luckin; Svetlana Shilomovich; and Kenneth L. Baritz Esq., and the Law Firm of Kenneth L. Baritz & Associates (collectively, "Baritz"). See Compl. ¶¶ 8-16.

Plaintiff's Complaint avers that all Defendants violated her civil rights[4] by malicious prosecution (Count I), selective prosecution (Count II), false arrest (Count III), false imprisonment (Count IV), and excessive force (Count V). Id. ¶¶ 51-87. Plaintiff also alleges a "Monell"[5] claim against the City (Count VI), and state law claims against all Defendants of false arrest/false imprisonment (Count VII), malicious prosecution (Count VIII), assault and battery and intentional infliction of emotional distress (Count IX), and loss of consortium (Count X).[6] Id. ¶¶ 88-103.

---

[3] On September 13, 2013, we dismissed the Philadelphia Municipal Court Landlord Tenant Civil Division as a party to this action with prejudice. (See Doc. No. 2.)

[4] See 42 U.S.C. § 1983 ("§ 1983").

[5] See Monell v. N.Y. City Dept. of Soc. Serv., 436 U.S. 658 (1978).

[6] A complete procedural and factual history of this case is set forth in my prior Memorandum Opinions. (See Doc. Nos. 55, 57, 59, 61, 63.)

All but one of the above-named Defendants[7] filed Motions to Dismiss. In a series of five Memorandum Opinions, filed between August 28, 2014, and September 10, 2014, I dismissed all causes of action against Defendants, Baritz, Messerman, Levy, the PHA, the PHA employees, Elaine Luckin, Lenny Luckin, and the Philadelphia Animal Control Unit. (See Doc. Nos. 55, 57, 59, 61, 63.) In a subsequent Memorandum Opinion dated September 22, 2014, I granted in part and denied in part the City and individual PPD officers' Motion to Dismiss. (See Doc. No. 70.) Specifically, I dismissed all claims against the City; the PPD; Commissioner Ramsey; Defendants Miston, Diguisse, Larks, Sath, and Meril; and PPD Officers Fleming, Fredricsdorf, Lamdherr, Madycki, Riddick, Long, Kensy, Lackey, Kopecki, Hummel, and Tees. (Id.) I, however, denied the Motion to Dismiss regarding the § 1983 claims against Lt. Whaley, and the state law claim of intentional infliction of emotional distress against Lt. Whaley. (Id.) All other claims against Lt. Whaley were dismissed. (Id.)

Plaintiff filed the instant "Motion to Disqualify Judge" on September 21, 2014. (See Mot. to Disqualify Judge.)

## II. STANDARD OF LAW

Pursuant to 28 U.S.C. § 455(a), a Judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "An objective standard is used to determine whether 'impartiality might reasonably be questioned.'" Daniels v. Wilson, 507 F. App'x 158, 161 (3d Cir. 2012) (citing Liteky v. United States, 510 U.S. 540, 548 (1994)). Whether the judge was actually biased is irrelevant; the inquiry solely concerns whether

---

[7]Svetlana Shilomovich is the only Defendant not to have filed a Motion to Dismiss in this action.

3

a "reasonable person might perceive bias to exist." In re School Asbestos Litig., 977 F.2d 764, 782 (3d Cir. 1992). In other words, recusal is mandated if "a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990) (citing United States v. Dalfonso, 707 F.2d 757, 760 (3d Cir. 1983)). Interpreting § 455(a) in this manner reflects an emphasis on safeguarding the public's confidence in the judiciary. In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003).

## III. DISCUSSION

Plaintiff has submitted a lengthy and, mostly, incomprehensible Motion demanding that I recuse myself from this action. (See Mot. to Disqualify Judge.) Given such, I attempt to set forth her grounds for recusal. Plaintiff asserts that my rulings are "erroneous," "prejudicial," and "inaccurate." (Id. at 4.) Plaintiff also lists several head notes in her Motion which apparently are reasons for recusal including: "Code of Judicial Conduct,"[8] "Treason," "Conflict of Interest," "Judicial Inquiry Board Complaint," "Violation of Code of Judicial Conduct," and "Interference With Interstate Commerce." (Id. at 10-24.) However, Plaintiff has failed to provide any comprehensible facts supporting such contentions. As best as can be interpreted from Plaintiff's filings, her main basis for recusal seems to be that she simply disagrees with my rulings.[9] This,

---

[8] Plaintiff states that she is writing a complaint against me with the "Third Circuit Court of Appeals Judicial Inquiry Board." (See Mot. to Disqualify Judge at 20-21.) We note that the mere filing of a complaint against a judge is not sufficient to establish that recusal is warranted. See Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006). As a practical matter, finding otherwise would provide an avenue to allow litigants to judge shop by filing a suit against the presiding judge. Id. (citing In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005)); see also United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986).

[9] Plaintiff does state in her "Conclusion" that:

4

however, is not a basis for recusal. See Emmanouil v. Roggio, No. 06-1068, 2013 WL 356300, at *4 (D. N.J. Jan. 28, 2013); see also SecuraComm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000) (stating "a party's displeasure with legal rulings does not form an adequate basis of recusal"); Toolasprashad v. Grondolsky, 570 F. Supp. 2d 610, 645 (D. N.J. 2008) (stating "the Supreme Court has made it clear that '[adverse] rulings alone almost never constitute a valid basis' for recusal").

Thus, Plaintiff has failed to support her Motion with any evidence casting doubt upon my impartiality. Even the most critical review of the history between Plaintiff and myself in this action would not permit a "reasonable person" to "harbor doubts" concerning my partiality. See Jones, 899 F.2d at 1356. Rather, it is evident that Plaintiff has been receiving, and will continue to receive, the fair and impartial adjudication of her claims. Accordingly, Plaintiff's "Motion to Disqualify Judge" is denied.

An appropriate Order follows.

---

> It can reasonably be deducted that Judge Kelly and his "**Secret**" unknown "**We**" have or has have [sic] lawful financial gains and benefits from an attorney and his family whom [sic] is known to patronize Judges [sic] campaign within the "City and County of Philadelphia and other surrounding Counties."

(See Mot. to Disqualify Judge at 20-21.) Plaintiff, however, fails to provide any factual support for such allegations.

5