## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    :
FLORENCE ELIZABETH MASON, et al.,   :        CIVIL ACTION
                                    :
                                    :
           Plaintiffs,              :
                                    :
      v.                            :        No.  13-5163
                                    :
THE CITY OF PHILADELPHIA, et al.,   :
                                    :
                                    :
           Defendants.              :
_____:

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                     **FEBRUARY 17, 2015**

Presently before the Court is Defendant, Svetlana Shilomovich's ("Shilomovich"), pro se

Motion to Dismiss the Complaint of Florence Elizabeth Mason ("Plaintiff"), in her own right and

on behalf of, Vincent T. Mason, Jr., and Crystal Mason,[1] and Plaintiff's pro se Response.[2]  For

the reasons set forth below, this Motion will be granted.

## I.     BACKGROUND[3]

Plaintiff initiated this action by filing an application to "Proceed In Forma Pauperis" on

_____

[1]Vincent Mason Jr. ("Vincent Jr.") and Crystal Mason ("Crystal") are Florence Mason's children who were apparently minors at the time of the incidents at issue.  In a previous Memorandum Opinion, we dismissed Vincent Jr. and Crystal as Plaintiffs in this action.  (See Doc. No. 55.)

[2]Pro se litigants are entitled to a liberal reading of their filings.  See Ellington v. Cortes, 532 F. App'x 53, 55 (3d Cir. 2013).  Accordingly, we make our best attempt at interpreting both Shilomovich and Plaintiff's pro se submissions and the allegations and arguments contained therein.

[3]For a more detailed account of the facts and procedural history, see another of this Court's prior Memorandum Opinions in this action.  Mason v. City of Phila., No. 13-5163, 2014 WL 4722640, at *1-3 (E.D. Pa. Sept. 22, 2014).

September 4, 2013.  This Court granted the Motion on September 13, 2013, and on this same

day, Plaintiff filed a Complaint naming a long list of Defendants including the following

individuals and entities: the City of Philadelphia (the "City"), the Philadelphia Housing Authority

("PHA"); PHA employees, Kelvin A. Jeremiah, Patrick Agnew, and Frank McLaughlin; the

Philadelphia Police Department ("PPD"); Commissioner Ramsey; PPD Captain John Fleming;

PPD Captain Joseph Fredricsdorf; PPD Officers Kopeki, Whaley ("Lt. Whaley"), Tees, Hummel,

Lamdherr, Medycki, Riddock, Long, Diguisse, Larks, Kensy, Sath, Meril, and Lackey; "EDT"

Miston; the Philadelphia Municipal Court Landlord Tenant Civil Division and the Office of the

Clerks;[4] John and Jane Does of the Philadelphia Animal Control Unit; "Robert H. Messerman,

Esq. Law Firm and its employee(s) Earl Smith," Bart E. Levy, Esq., and his law firm; Third

Corsa, Inc.; Elaine Luckin; Lenny Luckin; Shilomovich; and Kenneth L. Baritz Esq., and the Law

Firm of Kenneth L. Baritz & Associates.[5]  See Compl. ¶¶ 8-16.

Plaintiff's pro se Complaint avers that all Defendants violated her civil rights by

malicious prosecution (Count I), selective prosecution (Count II), false arrest (Count III), false

imprisonment (Count IV), and excessive force (Count V).  Id. ¶¶ 51-87. Plaintiff also alleged a

"Monell"[6] claim against the City (Count VI), and state law claims against all Defendants of false

arrest/false imprisonment (Count VII), malicious prosecution (Count VIII), assault and battery

---

[4]On September 13, 2013, we dismissed the Philadelphia Municipal Court Landlord Tenant Civil Division as a party to this action with prejudice.  (See Doc. No. 2.)

[5]In previous Memorandum Opinions, we dismissed all causes of action against all Defendants with the exception of Shilomovich, and PPD Officer Lt. Whaley.  (See Doc. Nos. 55, 57, 59, 61, 63, 71.) Specifically, civil rights claims and a state law claim for intentional infliction of emotional distress were not dismissed against Lt. Whaley.  (See Doc. No. 71.)

[6]See Monell v. N.Y. City Dept. of Soc. Serv., 436 U.S. 658 (1978).

2

and intentional infliction of emotional distress (Count IX), and loss of consortium (Count X).  Id. ¶¶ 88-103.

Plaintiff contends that:

> [t]he Complaint arises out of a lease agreement for Section 8 housing that the Plaintiffs had with Defendant Shilomovich,[7] and with extreme and outrageous course of conduct in which Shilomovich engaged in conspiracy with the other named Defendants, which involved violations of the Plaintiff's [sic] First, Fourth, and Fourteenth Amendment rights, and included physical assaults, excessive force and unlawful arrests of all of the named Plaintiffs by the named Philadelphia City Police officer defendants, and their unlawful incarceration, and other abuses and acts of mistreatment to which they have been, and continue to be subjected.

Id. ¶ 18.

The essence of the Complaint involves an action for eviction from Plaintiff's "Section 8" housing.[8]  An action for eviction was initiated in the Philadelphia Municipal Court ("Municipal

---

[7]Shilomovich was the owner of the property at the time in question.  (Def.'s Mot. to Dismiss at 1.)

[8]In another Motion to Dismiss in this action filed by the PHA, which was addressed in a separate Memorandum Opinion, the PHA explained that:

> [T]he Philadelphia Housing Authority did not own the property leased by Plaintiffs from Defendant Third Corsa Inc. and or Elain[e] Luckin. Pursuant to the Housing Choice Voucher Program, formally known as Section 8 Housing, the leased unit is located by the Housing Voucher tenant and the tenant enters into a lease agreement with the landlord. PHA provides the tenant with rent subsidy to assist in the payment of the rent.  Housing Voucher Landlords are permitted to seek eviction of tenants for the tenant's non-payment of their share of the rent.  In the case at hand, PHA was not a party to the Philadelphia Landlord-Tenant court action filed by Third Corsa against Plaintiff Vincent Mason.

(See PHA Mot. to Dismiss at 4 n.4, Doc. No. 26.)

Court") (No. LT-11-01-06-3627) where, on March 14, 2011, the Court entered judgment[9] against

Vincent Mason Sr. and "All Occupants" and for Defendant "Third Corsa (AKA/DBA: Elaine

Luckin)." See Compl., Ex. A.  The Court issued an order for eviction at 160 E. Meehan Avenue,

Philadelphia, Pennsylvania (the "Property").[10]  Id.  Plaintiff contends that the PPD began efforts

to evict Plaintiff on four separate occasions, which resulted in violations of her rights by the PPD

and the other Defendants.  Id. ¶ 20.

We now will focus on the allegations in the Complaint specifically involving

Shilomovich.  Plaintiff avers the following:

> 1. Defendant Shilomovich, Baritz, PHA, Third Corsa, and Luckin
> entered in a conspiratorial agreement with the Philadelphia
> Municipal Court and Philadelphia Police defendants; to have her
> entire family forcefully, strong armed evicted, from [the] property;
>
> 2. Elaine Luckin, Shilomovich, Baritz and Earl Smith had pre-
> planned and arranged for the Philadelphia Police Department to be
> present there to effectuate a forced illegal strong arm eviction
> carried out on the many occasion by the 14th District Police
> Officers under the order of its Lt.'s Kopecki, Whaley and Tees;
>
> 3. Lt. Whaley allowed Defendants, Svetlana Schilomovich, Elaine
> Luckin and Lenny Luckin to enter the property and remove her
> family's personal property and take such to an undisclosed location
> 'robbing them' of all their possessions; and
>
> 4. Defendant Schilomovich bribed Lt. Whaley and an Officer

---

[9]The Court stated that "[p]ossession [was] granted on the basis of termination of the term and breach of a condition."  See Compl., Ex. A.

[10]Dismissed Defendants, Elaine Luckin and Third Corsa, Inc., managed the Property for Shilomovich which included services such as collecting rent, answering tenant requests, and complying with housing inspection requirements.  (Defs. Elaine Luckin and Third Corsa, Inc.'s Mot. to Dismiss at 1.)  In addition, these Defendants filed the eviction actions on behalf of their client, Shilomovich.  (Id.) For purposes of this Memorandum Opinion, we will assume that the actions were filed by Shilomovich.

Crenshaw[11] to allow those Defendants to enter the Property and take Plaintiff's possessions.  Plaintiff witnessed Defendant Shilomovich pass 'rolled up bills' through a car window to the officers.

Id. ¶¶ 20, 25, 41-44.

As already noted, Plaintiff's allegations arise from the underlying Municipal Court and Philadelphia County Court of Common Pleas ("Court of Common Pleas") actions.  In the Municipal Court action, judgment in possession was entered against Vincent Mason, Sr. ("Vincent Sr.")[12] on March 14, 2011.  See id., Ex. A.  On this same date, Plaintiff and Vincent Sr. appealed this judgment to the Court of Common Pleas seeking supersedeas.[13]  See id., Ex. D. Supersedeas was granted on this same day.  Id.  However, on June 7, 2011, the appeal was voluntarily "discontinued" (No. LT-11-01-06-3627).  (See Pl.'s Response, Ex. A.; PHA's Mot. to Dismiss, Ex. D at 4.)  Upon discontinuance of the appeal, supersedeas was automatically terminated.[14]

On July 15, 2011, Defendant Third Corsa filed a Writ of Possession in the Municipal Court, and on August 1, 2011, filed an Alias Writ.[15]  (Id.)  According to the Complaint, Plaintiff and her family were evicted on September 1, 2011.  Compl. ¶¶ 22, 25.  However, they subsequently reentered the Property, and on September 19, 2011, Defendant Third Corsa filed a

---

[11]Plaintiff did not name Officer Crenshaw as a Defendant in this action.

[12]It is noted that Vincent Sr., presumably Mason's husband, is not a named party in this action.

[13]Supersedeas is "a writ or bond that suspends a judgment creditor's power to levy execution." Black's Law Dictionary (9th ed. 2009).

[14]See Phila. Civ. R. 1008(d)(8) ("If an appeal is stricken or voluntarily terminated, any supersedeas based on it shall terminate").

[15]Alias Writ is "a writ issued after the first had failed." Black's Law Dictionary (9th ed. 2009).

Petition to reissue the "Alias Writ" and proceed with another lockout.  (See Pl.'s Response, Ex.

A.)  The petition was granted on this date.  (Id.)

Shilomovich filed the instant pro se Motion to Dismiss on April 28, 2014.  However, the

Clerk's Office inadvertently did not docket this pro se handwritten Motion at that time.[16]  Since

Shilomovich's Motion was not docketed and Shilomovich did not file an Answer to Plaintiff's

Complaint, Plaintiff filed a Praecipe for Entry of Default against Shilomovich on October 19,

2014.  (Doc. No. 88.)  The Clerk entered a default against Shilomovich on October 22, 2014, for

failure to "appear, plead or otherwise defend" this action.  On December 12, 2014, the Clerk's

Office informed the Court that Shilomovich's Motion to Dismiss had mistakenly not been

docketed when it was originally filed on April 10, 2014.  Accordingly, on this date, we ordered

the Clerk's Office to docket the Motion as a Motion to Dismiss as of April 10, 2014, and vacated

the default against Shilomovich.  (Doc. No. 108.)  We further ordered Plaintiff to file a Response

to this Motion on or before December 31, 2014.  (Id.)  Plaintiff did not file a Response by this

date, but rather, asked for leave of Court for more time to respond.  (Doc. No. 110.)  This request

was granted on January 5, 2015, and Plaintiff was given until January 23, 2015, to file a

Response.  (Doc. No. 112.)

On January 3, 2015, Plaintiff filed a document entitled "Official Misconduct Making and

Submission of Sabotage False Official Document Answer and Response" in which she accuses

this Court of misconduct in vacating the default against Shilomovich.  (Doc. No. 111.)  This

---

[16]At this time, Plaintiff filed a number of "Demands."  One such "Demand" was for the
appointment of counsel.  (Doc. No. 31.)  On June 20, 2014, we denied the request for appointment of
counsel after considering the factors enumerated in Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).  See
Mason v. City of Phila., No. 13-5163, 2014 WL 2804911 (E.D. Pa. June 20, 2014).

document also appears to include a Response to the instant Motion to Dismiss.[17]  (Id.)

## II.   STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. 544, 555 (2007).  Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that [they do] not provide a defendant the type of notice which is contemplated by Rule 8."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).  Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'"  Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8).  Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level."  Id. at 234 (quoting Twombly, 550 U.S. at 555).  "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'"  Id. (quoting Twombly, 550 U.S. at 556).

---

[17]As noted earlier, Plaintiff's pro se filings are often difficult to understand and decipher. Accordingly, we make our best attempt to interpret what Plaintiff is asserting.

Notwithstanding <u>Twombly</u>, the basic tenets of the Rule 12(b)(6) have not changed.  <u>The Knit With v. Knitting Fever, Inc.</u>, No. 08-4221, 2009 WL 973492, at *6 (E.D. Pa. Apr. 8, 2009). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations.  <u>Phillips</u>, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff.  <u>Id.</u>; <u>Buck v. Hampton Twp. Sch. Dist.</u>, 452 F.3d 256, 260 (3d Cir. 2006).  Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Pinkerton v. Roche Holdings Ltd.</u>, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

## III.    DISCUSSION

### A.  42 U.S.C. § 1983 Liability

We will first address Plaintiff's civil rights claims against Shilomovich.  To prevail in a 42 U.S.C. § 1983 ("§ 1983")[18] action, Plaintiff must demonstrate that: "(1) the defendants acted under color of law; and (2) their actions deprived [the plaintiff] of rights secured by the constitution or federal statutes."  <u>Anderson v. Davila</u>, 125 F.3d 148, 159 (3d Cir. 1997).

---

[18]Section 1983 reads as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983.

In order to come within the purview of § 1983 liability, Plaintiff must show that Shilomovich acted under color of state law by pointing to some action, undertaken by her, that is "fairly attributable" to the state.  See Lugar v. Edmondson Oil Co., 457 U.S. 922, 930, 937 (1982); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3rd Cir. 1999).  To do so, Plaintiff must show: (1) that the defendant's acts were "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible," and (2) that the defendant may fairly be said to be a state actor.  Id.

Accordingly, this Court must determine whether, under the facts and circumstances of this case, Shilomovich was "clothed in the authority of state law" when she filed writs in the Municipal Court in furtherance of evicting Plaintiff from the Property.[19]  See Groman v. Twp. of Manalapan, 47 F.3d 628, 639 n.17 (3d Cir. 1995).  Drawing all reasonable inferences in the light most favorable to Plaintiff, it is clear that Shilomovich, as a private owner of the Property, exerted no such authority and, as such, was not a state actor for the purposes of § 1983.  See Hynoski v. Columbia Redevelopment Auth., 941 F. Supp. 2d 547, 562 (M.D. Pa. 2012).  Accordingly, Plaintiff's § 1983 claims against Shilomovich are dismissed because Plaintiff has failed to plead facts which would demonstrate that she acted under color of state law.

---

[19]Shilomovich's one-page Motion to Dismiss states:

> I have been wrongfully named as a defendant in this case by Florence Mason who unlawfully lived on my property without having a lease. She was removed by the judges [sic] orders three times with the help of [the] sheriff and in front of police.  She returned to the property each time and as a result she is being wanted [sic] in court for criminal trespassing in two cases with one hundred thousand dollars bail.

(Doc. No. 109.)

### B.  State Law Claims

Plaintiff's state law claims for false arrest and imprisonment, malicious prosecution, assault and battery, intentional infliction of emotional distress, and loss of consortium will also be dismissed because Plaintiff has not pleaded that Shilomovich's conduct meets any of the elements required to establish any of these causes of action.

As noted above, Plaintiff alleges that "Elaine Luckin and Svetlana along with their attorneys Bart E. Ley [sic] and Kenneth L. Baritz, has [sic] instigated and provoked the incident and attacked Plaintiff Florence and her children."  See Compl. ¶ 64.  However, Plaintiff has failed to contend that Shilomovich was involved, in any way, with her alleged false arrest and false imprisonment,[20] as well as, her loss of consortium claim.

Regarding, Plaintiff only pleaded that a person named Nancy Friel lost the companionship of her husband, Larry Friel, who appears not to be related to this case in any way. See id. ¶ 103.  Even assuming that Plaintiff intended to plead a loss of companionship with Vincent Sr., Plaintiff has pleaded no facts related to Shilomovich regarding this claim.  Thus, Plaintiff's claims of false arrest, false imprisonment, and loss of consortium against Shilomovich are dismissed.

Next, Plaintiff's claim for malicious prosecution against Shilomovich will also be dismissed.  42 Pa.C.S.A. § 8351(a) states:

> A person who takes part in the procurement, initiation or

---

[20]Under Pennsylvania law, the "elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention."  Renk v. City of Pitts., 641 A.2d 289, 293 (Pa. 1994).

> continuation of civil proceedings against another is subject to
> liability to the other for wrongful use of civil proceedings:
>
> (1) He acts in a grossly negligent manner or without probable cause
> and primarily for a purpose other than that of securing the proper
> discovery, joinder of parties or adjudication of the claim in which
> the proceedings are based; and
>
> (2) The proceedings have terminated in favor of the person against whom
> they are brought.

42 Pa.C.S.A. § 8351.  Here, Plaintiff has failed to plead any facts indicating that Shilomovich acted in a "grossly negligent manner" in filing "notices" and writs against her in the Municipal Court.  See Compl., Ex. A.  Moreover, Plaintiff has failed to plead that the proceedings in that Court were "terminated" in her favor.  See id.  In fact, the Municipal Court docket indicates that the proceedings in that Court resulted in favor of Shilomovich.  Id.  Accordingly, this claim is dismissed.

Plaintiff's claim for assault and battery against Shilomovich must also be dismissed.  In Pennsylvania, "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person."  Renk, 641 A.2d at 421.  A battery is defined as a "harmful or offensive contact" with the person of another.  C.C.H. v. Phila. Phillies Inc., 940 A.2d 336, 340 (Pa. 2008).

Here, Plaintiff has failed to allege facts that, if true, would establish that Shilomovich committed either of these torts.  Again, Plaintiff's only factual contention against Shilomovich regarding these torts is that "Elaine Luckin and Svetlana along with their attorneys Bart E. Ley

[sic] and Kenneth L. Baritz, has [sic] instigated and provoked the incident and attacked Plaintiff Florence and her children" during an eviction.  Compl. ¶ 65.  However, Plaintiff does not allege that any action(s) on Shilomovich's part meet any of the elements of these intentional torts.  See Compl. ¶¶ 25-44.  Since Plaintiff has failed to plead a single element of assault or battery against Shilomovich, these claims are dismissed.

Finally, Plaintiff's claim for intentional infliction of emotional distress against Shilomovich will also be dismissed for failure to state a cause of action.  To prove a claim of intentional infliction of emotional distress, the following elements must be established: (1) the conduct must be extreme and outrageous; (2) it must be intentional or reckless; (3) it must cause emotional distress; and (4) that distress must be severe.  Hoy v. Angelone, 691 A.2d 476, 482 (Pa. Super. 1997).  Moreover, the conduct:

> must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in any civilized society . . . [I]t has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort.

Reardon v. Allegheny College, 926 A.2d 477, 488 (Pa. Super. 2007) (quoting Hoy, 720 A .2d at 754).  Here, Plaintiff has failed to plead conduct on the part of Shilomovich that was extreme, outrageous, or reckless.  As noted several times, Plaintiff's only factual allegations against Shilomovich involve the filing of writs in the Municipal Court.  In this case, such pleadings do not amount to claims of outrageous behavior.  Thus, Plaintiff's claim of intentional infliction of emotional distress against Shilomovich is dismissed.

**IV.     CONCLUSION**

We conclude that Plaintiff has failed to plead any allegations against Shilomovich to withstand a Motion to Dismiss under Rule 12(b)(6).  Accordingly, Shilomovich's Motion to Dismiss is granted, and we dismiss all claims against her.[21]

An appropriate Order follows.

---

[21]After our decisions in our previous Memorandum Opinions and our determinations in this instant Motion, we note that only one Defendant remains in this action- Lt. Whaley.  Moreover, the only claims remaining against Lt. Whaley are Plaintiff's § 1983 claims and a state law claim of intentional infliction of emotional distress.  All other claims and all other Defendants are dismissed from this action. (See Doc. Nos. 55, 57, 59, 61, 63, 71.)